DeConcini McDonald Yetwin & Lacy, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300
Tel: (520) 322-5000
Fax: (520) 322-5585

Jody A. Corrales (AZ #024869)
jcorrales@dmyl.com
*Attorneys for Defendants/ Counterclaimants*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7) |
| RICHARD J. SHENKUS and NOREEN GAE SHENKUS,<br><br>        Debtors. | Case No. 2:22-bk-06636-EPB |
| CAMELBACK FIDUCIARY LLC in its capacity as guardian and conservator for DONALD KAISER,<br><br>        Plaintiff,<br>vs.<br>RICHARD J. SHENKUS and NOREEN GAE SHENKUS,<br><br>        Defendants. | Adv. No. 2:23-ap-00002-EPB<br><br>**OBJECTION TO MOTION TO DISMISS COUNTERCLAIM**<br><br>[Related Adv. Dkt. No. 11] |
| RICHARD J. SHENKUS and NOREEN GAE SHENKUS,<br><br>        Counterclaimants,<br>vs.<br>CAMELBACK FIDUCIARY LLC in its capacity as guardian and conservator for DONALD KAISER,<br><br>        Counter Defendant. | |

Richard J. Shenkus and Noreen Gae Shenkus, ("Debtors" or "Counterclaimants"), object to the Motion to Dismiss Counterclaim [Dkt. No. 11] (the "Motion") filed by Camelback Fiduciary LLC in its capacity as guardian and conservator for Donald Kaiser ("Camelback Fiduciary" or "Plaintiff"), and request that the Court deny that Motion. This Court should not dismiss Debtors' counterclaim for Violation of Automatic Stay Pursuant to

11 U.S.C. § 362(a) (the "Counterclaim") because the Counterclaim states a claim upon which relief could be granted. In its Motion, Plaintiff ignores the relevant legal standard for a motion to dismiss. Accepting all allegations in the Counterclaim as true, the Motion must be denied.

## I. BACKGROUND

For nearly one year, Plaintiff has harassed, insulted, ridiculed, and defamed Debtors by continuing to perpetuate the false narrative that Debtors took advantage of their elderly neighbor by "extracting" gifts from him. *See*, Complaint ¶ 10. Contrary to Plaintiff's characterization of this case as a neighbor taking advantage of a vulnerable adult, this case is really about a decades-long friendship spanning nearly 50 years across state lines.

The relationship began in 1974 when Richard Shenkus met Donald Kaiser and his wife, Betty, while working at a Michigan college together. Debtors formed a close friendship with the Kaisers and often dined with them, traveled with them, and attended numerous social events with them such as plays, movies, ballets, and symphonies. After Debtors moved to Arizona in 1994, the Kaisers followed them and decided to purchase a house next door to the Debtors. Debtors never "extracted" any gifts from Mr. Kaiser. Each gift was voluntarily initiated by Mr. Kaiser to Debtors as an expression of his appreciation of their friendship.

Despite learning about the close, personal friendship the Debtors had with Mr. Kaiser and his late wife, Betty, Plaintiff continues to perpetuate this false narrative and, unfortunately, the Debtors have not been able to escape Plaintiff's wrath as not even the protection of bankruptcy has stopped Plaintiff's vicious pursuit. While Plaintiff undoubtedly has the right to continue to prosecute this adversary proceeding, Plaintiff's conduct in sending a packet to the Vice President of the Skye Top Homeowners Association ("HOA"), where Mr. Shenkus has served for over 28 years as board President, crosses the line and rises to the level of a willful violation of the automatic bankruptcy stay. There is no valid reason as to why the packet would be sent other than to harass and coerce the Debtors into conceding and paying the debt Plaintiff alleges is owed.

## II. LEGAL STANDARD

As Plaintiff correctly points out, dismissal is proper if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff is likewise correct that while detailed factual allegations are not necessarily required, mere labels and conclusions or a formulaic recitation of the elements of a cause of action are not enough. But the Plaintiff's Motion attempts to inject fundamental legal error: Plaintiff's Motion ignores that, at the 12(b)(6) stage, this Court must only rely on statements in the complaint or counterclaim when deciding the Motion. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss").

## III. LEGAL ANALYSIS

Debtors have properly alleged a stay violation claim here. One purpose of the automatic stay is to prevent harassment of the debtor by sophisticated creditors. *Morgan Guar. Tr. Co. of New York v. Am. Sav. & Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986). Thus, creditor communications can violate the automatic stay when "direct or circumstantial evidence shows the creditor's actions are geared toward collection of a prepetition debt, were accompanied by coercion or harassment, or otherwise put pressure on the debtor to pay." *In re Zotow*, 432 B.R. 252, 258 (B.A.P. 9th Cir. 2010). See also *In re Singh*, 457 B.R. 790, 801 (Bankr. E.D. Cal. 2011) ("creditors and debtors are allowed to communicate their disparate positions and rights they seek to assert. It is when coercion or harassment is coupled with the communication that they can be in violation of the automatic stay"). Here, Plaintiff's unwarranted solicitation to the Vice President of the HOA, where Mr. Shenkus serves as board President, implying that Mr. Shenkus should not have access to the HOA financial accounts, is nothing more than an attempt to collect a pre-petition debt.

Although communication may sometimes be permissible, "a distinguishing factor between permissible and prohibited communications is evidence indicating harassment or

coercion." *In re Zotow*, 432 B.R. at 259. When evidence suggests that harassment or coercion occurred, even a disclaimer stating that the communication is for "informational purposes only" is ineffective. *Id*. At this stage in the proceeding, it would be improper to dismiss the Counterclaim because all evidence suggests Plaintiff's efforts to disparage Debtors is aimed at scaring the Debtors into conceding the allegations of the adversary complaint and entering into a stipulated judgment to escape the wrath of Plaintiff. This is further evidenced by the remarks made by Plaintiff's counsel at the telephonic hearing held in the Probate Action on January 25, 2023, where Plaintiff, through its counsel, continued to disparage Debtors' character by calling them "degenerates" and indicating he would "hunt" Debtors down for money. Debtors are in the process of requesting the transcript from the Probate Court and are prepared to submit this into evidence at any evidentiary hearing or trial on the matter.

While Plaintiff correctly points out that not all communication constitutes a violation of the automatic stay, the facts of those cases are distinguishable from the facts at hand. Case law in the Ninth Circuit describes situations in which creditor communications do not violate the automatic stay. *See*, *In re Zotow*, 432 B.R. at 259 (no violation for sending informational notice to the debtor that showed an increase in the debtor's monthly escrow deposit prior to the confirmation of the debtor's Chapter 13 plan); *See also, In re Singh*, 457 B.R. at 800 (no violation for "(1) letter sent to debtor's attorney that a credit union would not have further business dealings with the debtor unless debt was reaffirmed, and (2) communications setting out the basis of the [informal] claim").

Communications the Ninth Circuit has found to violate the automatic stay include: "(1) notice of intent to terminate lease, (2) notice of intent to terminate franchise, (3) notice of medical clinic refusal to provide future medical services because of refusal to pay for prior services, (4) letter informing debtor that an attorney had been hired to collect a delinquent account, (5) college refusing to release transcripts as a method to force payment, and (6) a creditor who made repeated visits and telephone calls to a debtor." 457 B.R. at 800-801.

Determining whether communications are prohibited or permissible under Section 362(a) is a fact-driven inquiry and it is not susceptible to any bright line test. *In Re Zotow*, 432 B.R. at 358. Nonetheless, when communication serves no other purpose, other than to harass and pressure the debtor, there is a strong likelihood that the communication is prohibited. *In re Parker*, 644 B.R. 805, 827 (N.D. Cal. 2021).

Here, Plaintiff has gone to great lengths of disparaging Debtors' character by alleging Debtors are bad people who stole money from Mr. Kaiser. Aside from them being baseless allegations, Plaintiff continues to perpetuate this false narrative outside the confines of this adversary proceeding and without respect for the Bankruptcy Code or this Court. This Court should not condone Plaintiff's actions.

As a result of Plaintiff's improper conduct, Mr. Shenkus was advised on the morning of January 27, 2023, by the HOA's property manager that the HOA's Treasurer went to Wells Fargo Bank and removed Mr. Shenkus as a signer on the HOA's accounts. After serving for over 28 years as board President, without pay and without an ounce of evidence demonstrating he misappropriated any funds from the HOA (because he has not), Mr. Shenkus' reputation in his community has been shattered due to Plaintiff's unlawful conduct, which has caused Debtors severe emotional distress, embarrassment, humiliation, and anxiety.

## IV. CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court deny the Motion. Debtors further request monetary compensation for the attorneys' fees they have been forced to incur to enforce the provisions of the automatic stay. No debtor should be forced to incur the expense of enforcing the simplest principle of bankruptcy law. Debtors further request punitive damages be assessed against Plaintiff to deter Plaintiff from engaging in this conduct in the future.

///

RESPECTFULLY SUBMITTED this 13th day of March, 2023.

DECONCINI MCDONALD YETWIN & LACY, P.C.

By: /s/ *Jody A. Corrales*, #024869
Jody A. Corrales, Esq.
*Attorneys for Defendants/ Counterclaimants*

ORIGINAL electronically filed this
13th day of March, 2023, with:

CLERK, UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
*https://ecf.azb.uscourts.gov*

COPIES of the foregoing mailed via electronic or
U.S. Mail this 13th day of March, 2023, to:

Lindsi M. Weber
THE BURGESS LAW GROUP
3131 East Camelback Road, Suite 224
Phoenix, AZ 85016
lindsi@theburgesslawgroup.com
*Attorneys for Plaintiff*


By: */s/ Kimberly M. Wright*